IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY M. THOMAS,<br>    Plaintiff | :<br>:<br>: |
| vs. | :   CIVIL NO. 1:11-CV-2336<br>: |
| DIANA MARIE THOMAS and<br>RONALD WEAGLEY<br>    Defendants | :<br>:<br>:<br>: |

*M E M O R A N D U M*

I. *Introduction and Procedural History*

Plaintiff is Timothy M. Thomas, a trooper with the Pennsylvania State Police. The pro se defendants are Diana M. Thomas, Plaintiff's wife, and Ronald Weagley, defendant Thomas's father. The case arises from the marital difficulties of plaintiff Thomas and his defendant wife. By way of a memorandum and order of June 15, 2012, we dismissed Plaintiff's original complaint and granted him leave to amend only his federal and state wiretapping claims against defendant Thomas. *Thomas v. Thomas*, 2012 WL 2238028, at *9. Plaintiff complied with that order and filed an amended complaint, which added Weagley as a defendant and alleged that these defendants violated federal and state wiretapping laws concerning five of Plaintiff's oral communications. We are considering Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

II. *Standard of Review*

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

With this standard in mind, we set forth the background to this litigation, as Plaintiff alleges it.

III.  *Background*

Plaintiff's amended complaint alleges five instances when Defendants supposedly violated federal and state wiretapping laws in connection with Plaintiff's oral communications.  First, on December 1, 2010, defendants Thomas and Weagley "endeavored to unlawfully wiretap" Plaintiff by "sew[ing] a recording device into the lining of Chloe Thomas' jacket for the purpose of recording the conversations of plaintiff Timothy Thomas while he was conducting a lawful child visitation."  (Am. Compl. ¶¶ 8, 9 and 11).  Chloe is the natural daughter of Plaintiff and defendant Thomas.  (*Id.* ¶ 11).  Such an "endeavor[ ]" is unlawful under federal and state law.  (*Id.* ¶ 10).  "Diana Thomas admitted in a written statement given to Upper Uwchlan police officer Joseph Katz that she purchased the device, turned it on and placed it in her daughter's jacket . . . before she left with her father Timothy Thomas."  (*Id.* ¶ 12)(internal quotation marks omitted).

Second, on December 4, 2011, defendant Weagley "began filming the plaintiff as he walked back to his father's minivan as he was engaged in efforts to drop off his daughter Chloe.  Based upon what plaintiff could observe defendant Weagley was not only filming his activities but was audio recording as well."  (*Id.* ¶ 15).

Third, on September 22, 2010, "plaintiff's brother Kelly L. Thomas observed Ethan, the son of Diana and plaintiff Timothy Thomas[,] holding an electronic phone device over his right shoulder pointed in the direction of the backseat where Tim and Chloe were seated together having a conversation."  (*Id.* ¶ 16).  "Upon information and belief, Ethan was endeavoring to record the conversation" at the request of Defendant

Thomas. (*Id.*). "Upon further information and belief, plaintiff alleges this unlawful behavior was orchestrated by Diana Thomas." (*Id.*).

Fourth, on December 1, 2011, Plaintiff alleges that, while at a child custody hearing, defendant Thomas "produced a DVD which she asserted was produced by her father Ronald Weagley who had purportedly taped Mr. Timothy Thomas and his brother Kelly Thomas." (*Id.* ¶¶ 17, 18). Plaintiff asked the master at the child custody proceedings to seize the DVD as possible evidence of wiretapping violations but nothing was done. (*Id.* ¶¶ 19-20).

Finally, on September 19, 2010, defendant Weagley sent a letter to attorney Michael E. McHale containing "certain quotes attributed to both Chloe and Timothy Thomas" that "had to have been taken from a recording device" because they were "exact quotes." (*Id.* ¶ 21).

IV.  *Discussion*

Plaintiff's federal claims are made under the federal wiretapping act, 18 U.S.C. §§ 2510-2522, and his state claims are made under the Pennsylvania "Wiretapping and Electronic Surveillance Control Act." 18 Pa. Con. Stat. Ann. §§ 5701-5781.

The statutes use nearly identical language. Under the federal act, a person commits a crime if she "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . ." 18 U.S.C. § 2511(1)(a). "[I]ntercept" is defined as "the aural or

other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical or other device." *Id.* § 2510(4). In pertinent part, an "oral communication" is defined as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation . . ." *Id.* § 2510(2). In addition to making certain conduct criminal, the federal act also authorizes a civil cause of action. In pertinent part, "any person" may recover compensatory damages, and seek other relief, from the offending party when his "wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter . . . ." *Id.* §§ 2520(a) and (c).

The Pennsylvania wiretapping act contains substantively identical provisions set forth in identical language except for some minor variations. In pertinent part, under state law, "a person" commits a crime "if [s]he: (1) intentionally intercepts, endeavors to intercept, or procures any other person to intercept, or endeavor to intercept any wire, electronic or oral communication . . . ." 18 Pa. Con. Stat. Ann. § 5703(1). In pertinent part, "Intercept" is defined as the "[a]ural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." *Id.* § 5702. In pertinent part, an "Oral communication" is defined as "[a]ny oral communication uttered by a person possessing an expectation that such communication is not subject to interception under circumstances justifying such expectation . . ." *Id.* In addition to its criminal provisions, the Pennsylvania act also authorizes a civil cause of action. In pertinent part, "[a]ny person" may recover

-5-

compensatory damages, and seek other relief, when his "wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter" from "any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication . . . ." *Id.* § 5725(a).

In moving to dismiss, the pro se defendants Thomas and Weagley argue the following. First, a civil-rights complaint requires action under color of state law, and they are not state actors. Second, the federal and state wiretapping statutes do not confer a private cause of action. Third, even if these statutes created private causes of action, Plaintiff has failed to allege any actual interception of his oral communications. Fourth, Plaintiff has not pleaded specific information and details to support the five causes of action alleged.

Upon review of Defendants' arguments, we have decided that all of Plaintiff's claims lack merit. We begin by rejecting Defendants' first and second arguments. Some civil-rights actions do require state action, for example, actions under 42 U.S.C. § 1983. *See Miller v. Mitchell,* 598 F.3d 139, 147 (3d Cir. 2010). But there is no requirement under the wiretapping statutes that Defendants must have acted under color of state law. And as noted above, both statutes provide for a civil cause of action against private individuals.

In regard to Defendants' third argument, we agree that the federal wiretapping law requires an actual interception. However, the Pennsylvania law appears to allow a claim based on an attempted interception. In any event, we need not decide

this issue because, as shown below, Plaintiff has not alleged valid state-law claims, even if we assume that Pennsylvania law allows a claim for an attempted interception.

On the federal wiretapping claims, the private cause of action established by 18 U.S.C. § 2520(a) requires the plaintiff to show an actual interception, as the statutory language plainly requires. The elements of the claim are as follows. First, the plaintiff engaged in an oral communication. *Kidd v. Pennsylvania*, 37 F. App'x 588, 592 (3d Cir. 2002)(nonprecedential)(when the plaintiff could not testify that she said anything while the recording device was on, her federal claim failed as the statute requires the interception of an oral communication). Second, the oral communication was intercepted, by use of any electronic, mechanical or other device. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990); *Gross v. Taylor*, 1997 WL 535872, at *5-6 (E.D. Pa. Aug. 5, 1997)(an "actual interception" is required); *DeVittorio v. Hall*, 347 F. App'x 650, 653 (2d Cir. 2009)(nonprecedential)(there must be some evidence that "communications were, in fact, intercepted")(citing *Gross*); *Carpiniello v. Hall*, No. 07-1956, 2010 WL 987022, at *5 (S.D.N.Y. Mar. 17, 2010)("The language of [section 2520(a)] indicates that an actual interception must have taken place")(citing both *DeVittorio* and *Gross*). Third, the plaintiff "had an expectation that his oral communications were not subject to interception . . . ." *Walker*, 911 F.2d at 1577 (citing 18 U.S.C. § 2510(2), the definition of

"oral communication"). Fourth, the plaintiff's "expectation was justified under the circumstances." (*Id.*)(citing section 2510(2).[1]

We recognize Plaintiff's position, that both statutes require only that the defendant endeavored or attempted to intercept an oral communication, but that position is incorrect, at least as to the federal act. As we have shown above, section 2520(a) allows recovery of damages in a civil cause of action only when a person's oral communication has been actually intercepted. Moreover, in support of his position, Plaintiff cites only to 18 Pa. Con. Stat. Ann. § 5703(1), the state statutory section dealing with criminal violations of the state wiretapping law, not to federal law, or even to 18 Pa. Con. Stat. Ann. § 5725(a), the state statutory section creating a private cause of action. Section 5703(a) does criminalize conduct "endeavor[ing] to intercept" an oral communication, but has no bearing on a federal civil claim for wiretapping.

Section 5725(a), like its federal counterpart, appears to make a person liable only for an actual interception. As noted, it authorizes an injured party to recover damages, and seek other relief, when his "wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter," making no mention of an attempted interception. Nonetheless, the courts have stated that a person can be civilly liable under state law for attempting to intercept an oral communication. *See*, *e.g.*, *Keppley v. School Dist. of Twin Valley*, 866 A.2d 1165, 1171-72 (Pa. Commw. Ct. 2005);

---

[1] In *Kidd*, a nonprecedential opinion, the Third Circuit phrased the last two elements as an "expectation of privacy" in the communication. 37 F. App'x at 591-92. We need not decide which phrasing to adopt to resolve this case, so we need not address the difference in language. *See Gross, supra,* 1997 WL 535872, at * 4 n.3.

*Kline v. Security Guards, Inc.*, 386 F.3d 246, 257 (3d Cir. 2004).  This authority is based on *Agnew v. Dupler*, 553 Pa. 33, 38, 717 A.2d 519, 522 (1998), and for the purposes of this case we follow *Agnew* here in setting forth the elements that Plaintiff must satisfy for his state wiretapping claim.[2]

> [F]or interception of an oral communication, a claimant must demonstrate: (1) that he engaged in a communication; (2) that he possessed an expectation that the communication would not be intercepted; (3) that his expectation was justifiable under the circumstances; and (4) that the defendant attempted to, or successfully intercepted the communication, or encouraged another to do so.

*Id.* at 38, 717 A.2d at 522.  For the second element, the plaintiff must have exhibited "an expectation of privacy" that the communication would not be intercepted, and for the third element, he must show that his expectation of privacy was "one that society is prepared to recognize as reasonable."  *Id.* at 40, 717 A.2d at 523.

With this understanding of federal and state law, we address whether Plaintiff has stated any valid wiretapping claims.

---

[2] In *Agnew*, the Pennsylvania Supreme Court did say that an attempted intercept was enough, but that case has a slight wrinkle.  The plaintiff there filed suit under 18 Pa. Con. Stat. Ann. § 5726(a), which in pertinent part, authorizes a suit against a law-enforcement officer for removal of that officer from office for intentional violations of the provisions of the state wiretapping act.  This language is materially different from the language of section 5725(a), as noted by the dissenting judge in *Keppley*.  866 A.2d at 1177-78.

     A. *Placing a Recording Device in the Jacket of*
       *Chloe Thomas*

Plaintiff alleges that Defendants Thomas and Weagley "endeavored to unlawfully wiretap" Plaintiff by "sew[ing] a recording device into the lining of Chloe Thomas' jacket for the purpose of recording the conversations of plaintiff Timothy Thomas while he was conducting a lawful child visitation" with his daughter. (Am. Compl. ¶¶ 8, 9 and 11). "Diana Thomas admitted in a written statement given to Upper Uwchlan police officer Joseph Katz that she purchased the device, turned it on and placed it in her daughter's jacket . . . before she left with her father Timothy Thomas." (*Id.* ¶ 12)(internal quotation mark omitted).

    This claim is deficient under federal law for three reasons. First, Plaintiff fails to allege that he made any oral communication while the device was on. Second, Plaintiff alleges only an attempt to intercept his oral communications, and federal wiretapping law requires an actual interception. Third, Plaintiff fails to allege sufficient facts as to the circumstances under which the interception was attempted. The claim is deficient under state law for the first and third reasons.

    We note here that in our June 15 memorandum, we instructed Plaintiff that, in his amended complaint, he must "allege[ ] sufficient facts showing the number of violations, when they occurred, the circumstances of the violation and the substance of the conversations intercepted." 2012 WL 2238028, at *9. Requiring Plaintiff to plead the substance of the conversations was not necessary, *Walker*, *supra*, 911 F.2d at 1577-78, and Plaintiff did not plead the substance in any event. However, sufficient allegations

concerning the circumstances of the interception would be relevant to the third and fourth elements of the federal claim, Plaintiff's expectation that his communication would not be intercepted and whether that expectation was justified, and to the essentially parallel elements of the state claim, the second and third elements, relating to an expectation of privacy and whether that expectation was reasonable.

> B. *Defendant Weagley's Filming of Plaintiff While Plaintiff Was Walking To His Father's Minivan*

Plaintiff alleges that on December 4, 2011, defendant Weagley "began filming the plaintiff as he walked back to his father's minivan as he was engaged in efforts to drop off his daughter Chloe.  Based upon what plaintiff could observe defendant Weagley was not only filming his activities but was audio recording as well."  (Am. Compl. ¶ 15).

This claim fails under both federal and state law for two reasons.  First, Plaintiff fails to allege he was engaged in an oral communication.  Second, Plaintiff fails to allege sufficient facts as to the circumstances under which the interception was attempted.  Plaintiff alleges he was walking back to his father's minivan, but provides no further facts, which would be relevant to the third and fourth elements of the federal claim and to the second and third elements of the state claim, as discussed above.

### C. *Use of a Cell Phone by Ethan Thomas to Record Plaintiff at the Request of Defendant Thomas*

Plaintiff alleges that on September 22, 2010, "plaintiff's brother Kelly L. Thomas observed Ethan, the son of Diana and plaintiff Timothy Thomas[,] holding an electronic phone device over his right shoulder pointed in the direction of the backseat where Tim and Chloe were seated together having a conversation." (Am. Compl. ¶ 16). "Upon information and belief, Ethan was endeavoring to record the conversation" at the request of Defendant Thomas. (*Id.*). "Upon further information and belief, plaintiff alleges this unlawful behavior was orchestrated by Diana Thomas." (*Id.*).

This claim is deficient under federal law for two reasons. First, Plaintiff fails to allege that he made any oral communication while the phone was allegedly recording the conversation. Second, Plaintiff alleges only an attempt to intercept his oral communications, and federal wiretapping law requires an actual interception. The claim is deficient under state law for the first reason.

### D. *DVD Shown by Defendant Thomas at a Child Custody Hearing*

Plaintiff alleges that on December 1, 2011, while at a child custody hearing, defendant Thomas "produced a DVD which she asserted was produced by her father Ronald Weagley who had purportedly taped Mr. Timothy Thomas and his brother Kelly Thomas." (Am. Compl. ¶¶ 17-18).[3]

---

[3] Plaintiff asked the master at the child custody proceedings to seize the DVD as possible evidence of wiretapping violations but nothing was done. (*Id.* ¶¶ 19-20).

This claims fails under federal law for three reasons. First, Plaintiff fails to allege the DVD contains any oral communication by him. Second, he fails to allege that Weagley intercepted any communications on the DVD. Third, he fails to allege sufficient facts as to the circumstances under which the DVD was made, which would be relevant to the third and fourth elements of the federal claim, as discussed above. The claim is deficient under state law for the first and third reasons. As discussed above, allegations concerning the circumstances are necessary to satisfy the second and third elements of the state claim.

### E. *Defendant Weagley's Letter Containing Quotations of Plaintiff's Conversations*

Finally, Plaintiff alleges that on September 19, 2010, defendant Weagley sent a letter to attorney Michael E. McHale containing "certain quotes attributed to both Chloe and Timothy Thomas" that "had to have been taken from a recording device" because they were "exact quotes." (Am. Compl. ¶ 21).

This claim is meritless under both federal and state law for at least two reasons. First, Plaintiff fails to allege that the oral communications were intercepted by a prohibited device. Indeed, he admits that he is only speculating that such a device was employed because "exact quotes" were used in the letter. Second, Plaintiff fails to allege any facts as to the circumstances under which the interception was attempted.

V. *Conclusion*

We must decide if we should allow amendment. *See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007). Plaintiff's counsel has already been given one opportunity to amend, with instructions that, in his amended complaint, "he allege[ ] sufficient facts showing the number of violations, when they occurred, [and] the circumstances of the violation . . . ." 2012 WL 2238028, at *9. Plaintiff failed to file a meritorious amended pleading. In these circumstances, we will not allow another amendment.

We will issue an appropriate order.

                                               /s/William W. Caldwell
                                               William W. Caldwell
                                               United States District Judge

October 15, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY M. THOMAS,<br>    Plaintiff | :<br>: |
| vs. | :<br>:  CIVIL NO. 1:11-CV-2336<br>: |
| DIANA MARIE THOMAS and<br>RONALD WEAGLEY<br>    Defendants | :<br>:<br>:<br>: |

*O R D E R*

AND NOW, this 15th day of October, 2012, upon consideration of defendants, Diana Thomas's and Ronald Weagley's, motion (Doc. 28) to dismiss the amended complaint, it is ordered that:

1. The motion is granted.

2. Plaintiff's amended complaint (Doc. 27) is dismissed without leave to amend.

3. The Clerk of Court shall close this file.

 /s/William W. Caldwell
 William W. Caldwell
 United States District Judge